PROB 12C
(04/08)

October 6, 2014
pacts id: 202688

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Martin Ocampo Garcia (English)     **Dkt No.:** 10CR00733-001-JLS

**Reg. No.:** 93336-198

**Name of Sentencing Judicial Officer:** The Honorable Janis L. Sammartino, U.S. District Judge

**Original Offense:** 21 U.S.C. §§ 952 and 960, Importation of Marijuana, a Class B felony.

**Date of Sentence:** October 29, 2010

**Sentence:** 33 months in custody; 3 years of supervised release *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release     **Date Supervision Commenced:** June 20, 2012

**Asst. U.S. Atty.:** Victor White     **Defense Counsel:** Hanni Fakhoury
(Appointed)
(619) 234-8467

**Prior Violation History:** Yes.  See prior court correspondence.

---

## PETITIONING THE COURT

## TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)** Not commit another federal, state, or local crime. *(nv1)* | 1. On or about September 30, 2014, Mr. Garcia drove a vehicle while under the influence of alcohol, in violation of California Vehicle Code § 23152(a), as evidenced by California Highway Patrol Report No. 14-1879. |

***Grounds for Revocation:*** As to Allegation 1, I have received and reviewed the California Highway Patrol (CHP) Report No. 14-1879, which confirms the following: on the above date, as a CHP officer entered northbound SR-125 from Navajo Road, and observed the offender drive past his location at a high rate of speed, estimated to be easily in excess of 100 miles per hour. As the officer approached Mr. Garcia, he received a digital reading of 78 miles per hour as the vehicle slowed for a red traffic signal at Mission Gorge Road. The officer subsequently made an enforcement stop. While speaking to Mr. Garcia, the officer detected a strong odor of an alcoholic beverage and noticed the offender had watery eyes and slurred speech. Mr. Garcia failed field sobriety tests and an alcohol breath test revealed a blood alcohol level (BAC) of .099/.102 percent. The offender has been released from custody, and to date, no charges have been filed.

| **(Mandatory Condition)** The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. *(nv3)* | 2. Mr. Garcia used a controlled substance on or about May 4 and 11, 2014 (to wit: methamphetamine), as evidenced by his admission to the probation officer on May 14, 2014.  3. Mr. Garcia used a controlled substance, as evidenced by the urine sample he submitted at the U.S. Probation Office on August 7, 2014, which *confirmed* positive for methamphetamine.  4. Mr. Garcia failed to comply with testing requirements, in that he failed to submit a urine sample at the U.S. Probation Office, as required, on August 12, 2014. |

***Grounds for Revocation:*** As to Allegation 2, Mr. Garcia reported to the U.S. Probation Office on May 13, 2014, and submitted a urine specimen which screened positive for amphetamines. When informed of the positive test results on May 14, 2014, Mr. Garcia admitted to the probation officer to using methamphetamine on or about May 4 and 11, 2014.

As to Allegation 3, I have received written laboratory notification from Alere Toxicology Services, which verifies the urine specimen provided by the offender on August 7, 2014, confirmed positive for methamphetamine.

As to Allegation 4, on May 14, 2014, the probation officer reviewed written instructions for drug testing with Mr. Garcia, and he acknowledged receipt of the instructions with his signature. Specifically, Mr. Garcia was directed to call the testing line daily and report for testing when required doing so by the automated testing line recording. I have received and reviewed the U.S. Probation UA Trouble Log, which confirms that Mr. Garcia failed to submit a drug test, on the above noted date, *as required.*

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Upon his release from federal custody on June 20, 2012, Mr. Garcia initially complied with his conditions of supervision. He was enrolled in Cognitive Behavioral Therapy (CBT) therapy at Mental Health Systems, Inc. (MHS), which he successfully completed on December 12, 2012. Mr. Garcia began working at NASSCO in March 2013; however, he has not worked since approximately May 2014.

On December 20, 2013, Mr. Garcia was arrested by Seal Beach Police Department for driving under the influence of alcohol and or drugs. On January 7, 2014, the offender admitted to the probation officer he went to a bar prior to driving to his girlfriend's home in Seal Beach, California. When he arrived, Mr. Garcia said he hit the curb and his tire burst. A neighbor came outside and Mr. Garcia and the neighbor began arguing. The neighbor telephoned police to report the incident. The police officer informed Mr. Garcia was "passively defiant" during the entire period he was in jail. Because of his actions while in jail, a warrant had to be obtained to take a sample of Mr. Garcia's blood. In January 2014, the Court was advised of the non-compliance, and on January 15, 2014, his conditions were modified to include abstain from the consumption of alcohol and complete 40 hours of community service.

On May 14, 2014, the offender reported to the U.S. Probation Office and he informed the probation officer that he had been "very depressed" since his mother had recently died. Mr. Garcia stated that on or about May 4, 2014, he went to a bar and someone approached him and they started talking about methamphetamine. That same date, and on May 11, 2014, he used methamphetamine. On May 20, 2014, the offender admitted to the probation officer that he had stopped taking anxiety medication and although he has tried various prescriptions, he did not like their side effects.

On September 17, 2014, Your Honor was informed of Mr. Garcia's relapse and it was recommended that his conditions be modified to include that he enter and complete a residential drug treatment program. Based on the offender's ongoing non-compliance and risk he presents to the community by continually driving while under the influence, it is believed Mr. Garcia should be brought before Your Honor to address his continued violation conduct at this time.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Garcia lives alone in Chula Vista, California, and is currently unemployed. The offender's criminal history consists of importation of marijuana, where he was on federal supervision in Dkt. No. 05CR00419. He expired from supervision in that case in February 2008.

Mr. Garcia has a history of methamphetamine and alcohol abuse beginning at the age of 17. Based on the Mr. Garcia's violation conduct, it is clear that Mr. Garcia is in need of substance abuse treatment. Additionally, the offender has a history having anxiety and is currently prescribed Diazapam.

## SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 3 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (driving while the under the influence, use of a controlled substance, and failure to submit to urine sample) constitute Grade C violations. USSG §7B1.1(a)(3), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category II (determined at the time of sentencing) establishes an **imprisonment range of 4 to 10 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 36 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

### REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>5 year(s)</u> supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

### JUSTIFICATION FOR BENCH WARRANT

Due to the offender allegedly committing new criminal conduct while on supervised release and the need to protect the community, the issuance of a bench warrant would appear to be the appropriate course of action at this time. Mr. Garcia has a history of using methamphetamine and it is alleged that he is driving his vehicle

while under the influence of alcohol.  Also, a warrant is believed necessary to ensure his appearance before Your Honor.

## RECOMMENDATION/JUSTIFICATION

This is the fourth time the Court has been notified of violation conduct, and his performance on supervised release has been poor.  The Court has been advised previously that Mr. Garcia has driven a motor vehicle while under the influence of alcohol, and it appears he has yet again committed a new law violation for driving under the influence.  This officer has attempted the steer the offender to compliance without success.  As one final sanction, this officer recommended that his conditions be modified to include that he complete residential substance abuse treatment; however, prior to entering treatment, he continued to consume alcohol and pose a significant risk to the community by driving a motor vehicle.  Based on his ongoing violation conduct, while awaiting treatment, he has shown a complete lack of motivation or intention to comply with the conditions of supervision.  As such, it appears a period of incarceration is necessary to appropriately sanction the breach of trust and hopefully, provide incentive for Mr. Garcia to follow all Court orders and probation directives upon release from custody.

Therefore, should the allegations in this petition be sustained, this writer respectfully recommends that supervised release be revoked and the offender be sentenced to a term of eight months in custody (the middle range of the suggested range.)

In an ongoing effort to address his substance abuse problem, it is recommended that the Court re-impose supervised release for a period of 24 months with the same conditions as previously imposed, to include:

- Enter and reside in a Residential Reenter Center (RRC) for a period of up to 120 days pending acceptance into a residential substance abuse treatment program, as directed by the probation officer.
- Enter and complete a residential substance abuse treatment program as directed by the probation officer.
- Abstain from the consumption of alcohol.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: October 6, 2014

Respectfully submitted:                                                  Reviewed and approved:
DAVID J. SULTZBAUGH
CHIEF PROBATION OFFICER

by
       Larry D. Huerta                                                         Lisa Coen
       Senior U.S. Probation Officer                                  Supervising U.S. Probation Officer
       (619) 409-5124

PROB12CW   October 6, 2014

## VIOLATION SENTENCING SUMMARY

1. **Defendant:** Garcia, Martin Ocampo

2. **Docket No. (Year-Sequence-Defendant No.):** 10CR00733-001-JLS

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | drive while under the influence of alcohol | C |
   | use of a controlled substance | C |
   | failure to submit to urine sample | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))  [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))  [ II ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))  [ 4 to 10 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

   Restitution ($) _____   Community Confinement _____
   Fine($) _____   Home Detention _____
   Other _____   Intermittent Confinement _____

PROB12(C)

Name of Offender: Martin Ocampo Garcia                                    October 6, 2014
Docket No.: 10CR00733-001-JLS                                                       Page 7

**THE COURT ORDERS:**

___✓___   A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_____   THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____   Other _____

_____                    10/9/14
The Honorable Janis L. Sammartino                                      Date
U.S. District Judge